## EZEKIEL ALLEN & wife *vs.* MARY HOYT & others.

A., being owner of land, as tenant in common with B., in equal moieties, devised his moiety, in fractional parts, to four devisees: B. afterwards died intestate, and his moiety descended to his five heirs at law, four of whom were said devisees of A.: The moiety of the land that descended to B.'s heirs was divided, by process from the probate court, from the other moiety, and set off to them: One of A.'s devisees afterwards filed a petition for partition of the moiety devised, praying that his portion thereof might be set off to him in severalty. *Held,* that the petitioner was entitled to partition as prayed for, and was not bound to include in his petition the moiety which descended to the heirs of B.

A., owning an undivided moiety of lands and a dwellinghouse, devised to B. C. and D. each one fifth part of *all his real estate,* and to E. two fifth parts thereof, and to D. and E. each one fourth part of his dwellinghouse; without adding words of limitation or inheritance. *Held,* that D. and E. took the testator's moiety of the dwellinghouse, as a specific devise, and that B. C. D. and E. took the residue of his real estate in fee.

Where a testator devised one fifth part of all his real estate to S., the wife of A., and her children, A. having children at the time the devise was made, it was held that S. and her children took one fifth of the estate as tenants in common.

THIS was a petition for partition, in which the petitioners prayed that one undivided fifth part of certain parcels of land, and a dwellinghouse and its appurtenances, might be set off to them in severalty.

The petitioners claimed title as devisees under the last will

of Thomas Roberts, late of Hamilton, who, at the time of the execution of his will, and at the time of his decease, was the owner in fee of one undivided half of the real estate described in the petition, as tenant in common with his brother, Francis Roberts ; and the petition alleged that the respondents were seized, in common with the petitioners, of the premises described in the petition, as devisees, either in fee or for life, under the same will.

The respondents pleaded the general issue, viz. that the petitioners did not hold in manner and form, &c.

Thomas Roberts died in October 1833, and his will was duly proved and allowed. Francis Roberts died intestate, in December 1833.

The clauses in the said will of Thomas Roberts, on which the questions in this case arose, were these :   " I give to Sally, wife of Ezekiel Allen, and her children, one fifth part of all my real estate in common with my brother Francis Roberts, and one fourth part of my household furniture ; also one fourth part of my pew, in the meetinghouse, in common :   I give to widow Mary Hoyt one fifth part of all my real estate, and one fourth part of my household furniture, and one fourth part of the pew :  I give to Abigail Roberts one fifth part of all my real estate. and one fourth part of my household furniture ; also one fourth part of the pew, and one fourth part of the dwellinghouse in common with my brother :   I give to Elizabeth Roberts two fifths of all my real estate, in consequence of her blindness ; also one fourth part of the dwellinghouse lying in common, as abovementioned ; also one fourth part of my household furniture, and one fourth part of the pew, as abovenamed."

The heirs at law of Francis Roberts were the three respondents, viz. Mary Hoyt, Abigail Edwards, wife of Benjamin Edwards, and Elizabeth Roberts, together with Sally Allen, (one of the petitioners,) and the five children of a deceased niece of said Francis.

At the time of the decease of said Thomas Roberts, the petitioners had four children, all under the age of 21 years, two only of whom had come of age at the hearing of this case.

After the decease of said Francis Roberts, the real estate, which was owned in common by him and his brother, was divided by legal partition in the probate court, and the portion that was assigned to the heirs of said Francis, was set off to his abovenamed heirs at law. His widow, to whom one third of his estate was set off as dower, died after the present petition was filed, and the reversion in that part of said Francis's estate had not been divided among said heirs.

The respondents claimed the right to have included in the petition all the real estate which was owned in common by said Thomas and Francis, and contended that the petitioners were not entitled to partition of the one undivided half which was devised to them by said Thomas, without including the estate which descended to them from said Francis.

It was agreed by the parties, that if the court should be of opinion, on the foregoing statement, that all the estate which was owned by said Francis Roberts ought to be included in the petition, or if the children of the petitioners ought to have been made parties, then the petition should be amended accordingly, and judgment for partition be entered ; otherwise, that the petitioners should have judgment for partition on the petition in its present form.

*Roberts*, for the respondents.

*N. J. Lord*, for the petitioners.

HUBBARD, J. One objection made by the respondents to the prayer of the petition is, that all the real estate, which belonged in common to Thomas and Francis Roberts, is not embraced in the petition, and that they are not entitled to partition of the undivided half of the estate devised by Thomas, without including the estate left by Francis Roberts. It appears by the facts agreed in the case, that after the decease of Thomas who died testate, and Francis who died intestate, the estate which the two brothers held in common was divided in the probate court, and that the portion assigned to the heirs of said Francis was duly set off among them. The regularity of the proceedings in the probate court is not brought in question before us by either party, and no appeal having been taken from the decree

of distribution made by that court, we are not at liberty to dis turb it, or treat it as a nullity, as the respondents contend for. Besides ; we see no reason, for the cause assigned, to set it aside, even if the decree of partition had been appealed from ; because the devisees of Thomas and the heirs of Francis are not in every instance the same persons ; and where they are the same, they are interested in different proportions in the respective estates of said Thomas and Francis.

In respect to the half of the dwellinghouse and the appurtenances, belonging to the said Thomas Roberts, of which partition is prayed by the petitioners, it appears, by the will, that he made his four nieces, Sally Allen, (including her children,) Mary Hoyt, Abigail Roberts and Elizabeth Roberts, the especial objects of his bounty ; but instead of devising his real estate among them, into four parts, he divided it into fifths, and gave to his niece Elizabeth, in consequence of her blindness, two fifth parts of his real estate, and to Sally, Mary and Abigail one fifth part each. But as to his household furniture and pew, he gives each a fourth part, and in addition to his devise to Abigail Roberts of one fifth part of his real estate, he gave one fourth of the dwellinghouse, owned in common with his brother ; and also to Elizabeth Roberts one fourth part of the dwellinghouse lying in common, as abovenamed. The petitioners, Ezekiel Allen and wife, claim an undivided fifth part of the dwellinghouse, as a portion of the real estate of said Thomas Roberts. But to entitle them to such partition, we must either treat the devise of the dwellinghouse to the two other sisters as merged in the devise of the real estate, or we must consider that he meant to give a fourth part of one half of the dwellinghouse, or one eighth part each, to Elizabeth Roberts and Abigail Roberts, and three eighth parts to Sally, Mary and Abigail. But we think this is not the construction of the clauses of the will ; but that the half of the dwellinghouse was a specific devise to the two sisters, and that it was the residue of his real estate which he devised to the five sisters.

The last question is, what estate Sally Allen, the petitioner, took under the will. The will is inartificially drawn, and it is

not easy to ascertain the precise intention of the testator. The counsel for the petitioners contends, that it was the intention to give the estate in fee to Mrs. Allen and her heirs, and that such would be the popular understanding of the will ; while it is argued on the side of the respondents, that she took either an estate in common with her children, or an estate for life, and her children the remainder.

As we have no means, but from the language of the will, to arrive at the intention of the testator, we must give the words their legal meaning, as expressive of his intention.

We are of opinion, that in the devise, " I give to Sally, wife of Ezekiel Allen, and her children, one fifth part of all my real estate," the words, " and her children," are words of purchase, and not of limitation. If there had been no children born at the time of the devise, these words would be construed as words of limitation, if necessary to give effect to the intention of the testator ; and the devisee would then have taken an estate tail, because the intent of the devisor was certain, that the children should take, and there were none in being to take by way of remainder. But in the present case, the children were living at the time of the devise, and capable of taking ; and the intention being expressed that they should share with the mother, they will take with her as tenants in common of one fifth part of the devised estate : And with this agrees the rule in *Wild's case*, 6 Co. 16 *b.* In the present case, the fee passes, as the residuary estate devised, and it was the testator's intention to dispose of the whole estate. See *Buffar* v. *Bradford*, 2 Atk. 220. See also *Annable* v. *Patch*, 3 Pick. 360, where it is held that by a devise of " all the remainder of my estate, both real and personal, to my daughter S. A. and the children of her body," S. A. and her children take as tenants in common.

Agreeably to this opinion, therefore, the petition may be amended, and the children made parties, by their guardian, and the shares of the petitioners may be set off together, or in severalty, at their election. Rev. Sts. *c.* 103, § 21. And we see no objection to a farther amendment of the petition, so as to include the part which was set off to the widow, who has deceased, and which is said not to have been divided.